```
             IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,       )
                                )
                Petitioner,     )         8:06CV488
                                )
        v.                      )
                                )
STARMAN BROTHERS AUCTIONS,      )         MEMORANDUM AND ORDER
INC.,                           )            SEALED
                                )
                Respondent.     )
```

A telephone conference was held with counsel at their request on December 7, 2006 for the purpose of reporting to the court their partial agreement for a resolution of this matter, and their request for the court's direction in carrying out their agreement. The court heard the positions of the parties, and made the order which appears below. (The provisions not explicitly discussed with counsel during the conference have been deemed by the court to be necessary to preserve the integrity of the investigation or the reciprocity of the provisions discussed with counsel).

IT THEREFORE HEREBY IS ORDERED:

1. Respondent shall, within ten days, provide the identities and related information sought by the administrative subpoena, as agreed by the parties, regarding the forty-two purchasers of certain aircraft parts sold at the Starman auction in Mesa, Arizona in February, 2006, in accordance with the following conditions.

   a. The information shall be provided to counsel for the petitioner. The information shall be regarded as confidential by both parties, and shall not be disclosed to third parties except as ordered by this court. The information shall be used by petitioner only for purposes of its safety investigation into the use and intended use of parts purchased at said auction.

   b. At the time of any contact by inspector/investigating personnel of the petitioner, each purchaser identified shall be given (if the contact is in person) or read (if the contact is by telephone) a letter from the FAA which includes statements which (a) identify the investigation as "routine"; (b) state that the investigation is not the result of any accusations made against the sellers, auctioneers, or buyers of the parts

involved; and (c) state that the investigation is not intended to disparage in any way the actions of the sellers, auctioneers, or buyers of the parts involved, nor the parts themselves, nor imply that any wrongdoing has occurred.

c.  Petitioner shall assign a different inspector/investigator to this investigation.

d.  In the event the petitioner determines that there is a credible claim, as determined by petitioner, that a part involved has been used only for a lawful non-aircraft use/purpose, the investigation shall be terminated with respect to that part.

e.  Respondent shall not contact or communicate to or with in any way, directly or indirectly, any of the forty-two purchasers disclosed to petitioner pursuant to this order until after respondent has been informed that the petitioner's inspector/investigator has contacted that purchaser.  However, following notice that petitioner has contacted a purchaser, respondent may contact or communicate with such purchaser about the investigation, so long as such communication does not, explicitly or implicitly, disparage the FAA or the investigation or solicit or imply a request for less than full cooperation with the investigation.

2.  The clerk is directed to file this order under seal and provide copies to counsel only.

3.  Counsel for petitioner shall notify the court of the completion of the investigation that is the subject of this dispute, and counsel for the parties shall at that time inform the undersigned of their respective positions regarding whether this order should remain under seal.

DATED this 8th day of December, 2006.

BY THE COURT:

s/ *David L. Piester*
David L. Piester
United States Magistrate Judge